

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MALCOLM WILLIAMS                                       PLAINTIFF

V.                                                    CASE: 2:19cv54-KS-MTP

KHYREE ADAMS; ALLSTATE INSURANCE           DEFENDANTS
COMPANY; ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY;
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY and JOHN
AND JANE DOES 1-10

## NOTICE OF REMOVAL BY ALLSTATE DEFENDANTS[1]

Defendants, Allstate Insurance Company, Allstate Property and Casualty Insurance Company and Allstate Vehicle and Property Insurance Company (collectively referred to as "Allstate"), by and through counsel, files its Notice of Removal of this matter to the United States District Court for the Southern District of Mississippi, Eastern Division, pursuant to 28 U.S.C. § 1441. The grounds for removal are as follows:

### INTRODUCTION

1.      Plaintiff's lawsuit was originally filed in the Circuit Court of Jefferson Davis County, Mississippi as a result of a motor vehicle accident and named as Defendants, (1) in-state tortfeasor/uninsured/underinsured motorist, Khyree Adams and (2) non-resident Defendant, Allstate (Plaintiff's uninsured motorist carrier). The claims against Allstate relate to an insurance contract with Plaintiff and among others, asserts claims for both underinsured motorist benefits and bad faith/punitive damages. Pursuant to *Tolbert v. State Farm Mut. Inc. Co.*, and other federal

---

[1] Allstate Property and Casualty Insurance Company is the correct legal entity for purposes of Plaintiff's uninsured/underinsured motorist claim. Allstate Insurance Company and Allstate Vehicle and Property Insurance Company are not the correct legal entities or proper parties.

cases, fraudulent misjoinder of claims applies, and the jurisdiction of the in-state Defendant is to be disregarded. Because diversity exist between Plaintiff and Allstate pursuant to 28 U.S.C. § 1332(c), Plaintiff's claims against Allstate are removable pursuant to 28 U.S.C. § 1441.

## REMOVAL IS TIMELY

2. On March 8, 2019, Plaintiff filed a Complaint against Allstate and another Defendant in the Circuit Court of Jefferson County, Mississippi. Allstate was served with process on March 15, 2019. A copy of all pleadings filed in the Circuit Court of Jefferson Davis County, Mississippi and specifically those served upon Allstate are attached as Exhibit A.

3. This action became removable on March 15, 2019, which is the date in which Allstate was served with a copy of Plaintiff's Complaint and Summons. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt of Plaintiff's Complaint and Summons, which on its face demonstrates that the case is removable. This Notice of Removal is therefore timely under the provisions of 28 U.S.C. §1446(b).

## THE VENUE REQUIREMENT IS MET

4. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action is pending.

## REMOVAL IS PROPER

5. Removal is controlled by 28 U.S.C. § 1441, which provides in relative part that "any civil action brought in a State court of which the district court of the United States have original jurisdiction, may be removed by the defendant." *Id.* Original jurisdiction exists if, pursuant to 28 U.S.C. § 1332, there is complete diversity among the parties and the amount in controversy exceeds $75,000. *Id., see also e.g. Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330

(5th Cir. 1995). Therefore, if complete diversity exists and it is determined that the amount in controversy exceeds $75,000, this Court has original jurisdiction and removal is proper pursuant to 28 U.S.C. § 1441.

### DIVERSITY EXISTS UNDER PRINCIPLES OF FRAUDULENT MISJOINDER

**A.   Diversity of Citizenship Exists Between Plaintiff and Allstate**

6.   Complete diversity exists between Plaintiff and Allstate. According to the Complaint, Plaintiff is a resident of Mississippi, and pursuant to 28 U.S.C. § 1332(c)(1), Allstate is incorporated in the state of Delaware and has its principal place of business in the State of Illinois. *See* (Plaintiff's Complaint and Corporate Disclosure Statement of Allstate attached as Exhibits A and B). Diversity of citizenship therefore exist between Plaintiff and Allstate.

**B.   Fraudulent Misjoinder of the Clams Involving the In-State Co-Defendant**

7.   For purposes of determining diversity, the jurisdiction of the in-state Co-Defendant, Khyree Adams, is to be disregarded under principles of fraudulent misjoinder, and the claim is to be severed from claims against Allstate. *Tolbert v. State Farm Mutual Auto. Inc. Co.*, 2015 WL 3450524 (N.D. Miss. 2015); *Hampton v. Frost*, 2015 WL 11233043 (S.D. Miss. 2015); *Nsight Technologies, LLC v. Federal Insurance Company*, 2009 WL 1106868 *1-5 (S.D. Miss. 2009); *Palermo v. Letourneau Technologies, Inc.*, 542 F.Supp.2d 499 (S.D. Miss. 2008).

8.   To determine if fraudulent misjoinder applies, the court applies essentially the same standard as fraudulent joinder: "is there a reasonable possibility that a state court would find that the plaintiff's claims against the resident defendant was probably joined with his claim against other defendants?" *Nsight Technologies, LLC*, 2009 WL 1106868 at *2, *citing, Palermo*, 542 F.Supp.2d at 523. In undertaking in this analysis, the court applies Mississippi joinder law, and specifically, Rule 20 of the Mississippi Rules of Civil Procedure. *Palermo*, 542 F.Supp.2d at 523-

24. In order for joinder to be proper, each of the following must exist: (1) common question of law or fact and (2) arise out of the same transaction, occurrence, or series of transactions. *Nsight Technologies, LLC*, 2009 WL 1106868 at *3; *see also, Willingham v. State Farm Insurance Company*, 2009 WL 2767679 (N.D. Miss. 2009).

9. Applying Mississippi joinder law demonstrates that Plaintiff's breach of contract/underinsured motorist and bad faith/punitive damage claims are fraudulent misjoined with the state court negligence claim. *Tolbert*, 2015 WL 3450524 *1-4 (negligence claim against instate tortfeasor fraudulently joined with underinsured motorist and bad faith claim against insurer); *Frost*, 2015 WL 11233043 *1-2 (severing underinsured motorist and breach of contract claims against insurer, from negligence claim asserted against instate Defendant).

10. As set forth above, Plaintiff's breach of contract and bad faith/punitive damage claims asserted against non-resident Allstate has been fraudulently misjoined in an apparent attempt to defeat diversity jurisdiction. For purposes of determine diversity of citizenship, the jurisdiction of the in-state Co-Defendant is to be disregarded, and the claims against the negligence claim should be severed. *Nsight Technologies, LLC*, 2009 WL 1106868 at *1-4; *Palermo*, 542 F.Supp.2d at 519-524.

C.  **The Amount in Controversy**

11. In addition to there being diversity of citizenship between Plaintiff and Allstate, the amount in controversy also exceeds $75,000. In this case, although Plaintiff does not plead a specific amount against Allstate, it is facially apparent that Plaintiff's Complaint seeks relief in excess of $75,000. More specifically, Plaintiff's Complaint allege damages for severe and permanent personal injuries and past and future medical expenses.

12. Further, Plaintiff's Complaint includes a claim for breach of contract, asserting that

4

Allstate's action were "malicious" and "gross negligent" (sic), thus giving rise to "severe physical, emotional, and other damages" which include bad faith and thus punitive damages. As a matter of law, federal courts have consistently held that bad faith/punitive damage claims against insurance companies exceed the $75,000 jurisdictional amount. For example, in ascertaining whether the plaintiff's claim for punitive damages actually exceeded $75,000, so as to meet the federal jurisdictional minimum in *Brasell v. Unumprovident Corp.*, 2015 WL 1530342 (N.D. Miss. 2001), the court noted that

> "punitive damages award against insurance companies in Mississippi routinely exceed that amount. [citations omitted] Further, federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction. See, e.g., *St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1255; *Marcel v. Pool Co.*, 5 F.3d 81, 84-85 (5th Cir. 1993); *Myers*, 5 F.Supp. 2d at 428-29; *Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698, 701 (S.D. Miss. 1988)."

13.     Accordingly, this civil action is on in which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 since it is a civil action between citizens of different states and based on Plaintiff's Complaint, the amount in controversy, including claims for punitive damages/bad faith, is in excess of $75,000. *See e.g, Paris v. Bevard*, 2015 WL 3885501 *1-2 (S.D. Miss. 2015) ("federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum").

## CONCLUSION

Because Plaintiff's Complaint seeks, among others, contractual and a bad faith/punitive damage claim against non-resident Co-Defendant Allstate, this action is removable under principles and standards of fraudulent misjoinder. *See e.g., Hegwood v Williamson*, 949 So.2d 728 (Miss. 2007); *Nsight Technologies, LLC*, 2009 WL 1106867 at *1-4. In conjunction with a Motion to Sever to be filed, Allstate requests that this Court sever the underlying negligence cause of action

and respectfully requests that this Court proceed with the handling of all claims against Allstate, as if such claims had been originally filed herein.

Dated this the 10 day of April, 2019.

Respectfully submitted,

**ALLSTATE INSURANCE COMPANY; ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY and ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

BY: _____
CORY L. RADICIONI (MSB #101761)
GRAFTON E. BRAGG (MSB #104821)

OF COUNSEL:

WISE CARTER CHILD & CARAWAY, P. A.
Post Office Box 651
Jackson, Mississippi 39205
601.968.5500
clr@wisecarter.com
geb@wisecarter.com

6

## CERTIFICATE OF SERVICE

I, Cory L. Radicioni, do hereby certify that I have this day mailed by United States Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

Ashley Hendricks Duck
Darryl M. Gibbs
Chhabra & Gibbs, P.A.
120 North Congress Street, Suite 200
Jackson, Mississippi 39201

This the 10 day of April, 2019.

_____
CORY L. RADICIONI